IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRIE GALLAGHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER FOODS, INC.<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:20-cv-49<br><br>**COMPLAINT – COLLECTIVE ACTION**<br><br>JURY TRIAL DEMANDED |

Plaintiff, Carrie Gallagher ("Gallagher" or "Plaintiff"), files this Collective Action Complaint against Defendant, Charter Foods, Inc. ("Defendant" or "Charter Foods"), seeking all relief available under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), on behalf of herself and all current and former "Assistant Managers" ("AMs"), however variously titled, who work (or worked) at any of Defendant's "Taco Bell" franchised restaurants in the United States of America during the relevant time period. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of herself and similarly situated current and former AMs to recover unpaid overtime pursuant to the FLSA. Charter Foods violated the FLSA by failing to pay its AMs overtime compensation for the hours they worked over forty (40) in one or more workweeks because Charter Foods classifies them as exempt from overtime.

2. On information and belief, Charter Foods employs AMs in more than fifty (50) "Taco Bell" franchised restaurants in several states in the south and northeast, including

Pennsylvania.

3. Although Charter Foods considers its AMs to be "managers," AMs are not responsible for true management functions. To the contrary, AMs spend the vast majority of their time performing the same duties as non-exempt employees, including serving customers, preparing food, working the drive-thru, counting inventory, unloading trucks, and cleaning the restaurant.

4. AMs report to General Managers who, in turn, report to district and other supervisory personnel. General Managers are the highest level of management in Charter Foods' "Taco Bell" restaurants.

5. AMs are classified by Charter Foods as exempt from overtime, even though their duties do not fall within any of the exemptions under federal or state overtime laws.

6. As alleged herein, Plaintiff and all other similarly situated were required to work more than forty (40) hours in a workweek while employed by Charter Foods in order to complete their job duties. However, in accordance with Charter Foods' policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of forty (40) in a workweek.

7. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of herself and all persons who are or were formerly employed by Charter Foods in the United States during the relevant time period as AMs at its "Taco Bell" restaurants, and individuals holding comparable salaried positions with different titles (the "AM Collective").

8. Charter Foods' systematic failure and refusal to pay Plaintiff and all other similarly situated AMs for all hours worked over forty (40) in a workweek violates the FLSA.

## THE PARTIES

*Plaintiff Carrie Gallagher*

9. Gallagher resides in Donora, Pennsylvania (Washington County). Between approximately December 2018 and June 2019, Gallagher was employed by Charter Foods as an AM at a "Taco Bell" restaurant located in Washington, Pennsylvania (Washington County).

10. Throughout her employment as an AM with Charter Foods, Gallagher was scheduled to work at least 50 hours each week, though she worked more. On average, during each week of her employment with Charter Foods, Gallagher worked approximately 60 hours (often more), including during the weeks leading up to, and of, Christmas 2018, Easter 2019, and spring break 2019.

11. Gallagher spent the vast majority of her time performing the same duties as non-exempt employees, including serving customers, preparing food, working the drive-thru, counting inventory, unloading trucks, and cleaning the restaurant.

12. The work Gallagher performed was at the direction, and for the benefit, of Charter Foods.

13. Pursuant to Charter Foods' policy, pattern or practice of classifying AMs as exempt from overtime, Gallagher was not paid premium overtime compensation for all hours worked over forty (40) in a workweek.

14. Gallagher has consented to join this action. *See* Exhibit A.

*Defendant Charter Foods, Inc.*

15. Charter Foods, Inc. is a Tennessee corporation with its principal place of business located in Morristown, Tennessee.

16. Charter Foods is a Yum! Brands franchisee with over 200 Taco Bell, Long John

Silver's, and KFC locations.

17. At all relevant times, Charter Foods employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former AMs and, among other things, maintained control, oversight and direction over Plaintiff and other AMs, including with respect to timekeeping, payroll and other employment practices that applied to them.

18. Charter Foods applies the same employment policies, practices, and procedures to all AMs nationwide.

19. Charter Foods is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

20. At all relevant time, Charter Foods has had gross revenues exceeding $500,000.00.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 29 U.S.C. § 216(b).

22. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

23. Charter Foods is subject to personal jurisdiction in Pennsylvania. Charter Foods purposefully availed itself of jurisdiction by operating restaurants in Pennsylvania.

24. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Collective Action Complaint occurred within this District and because Plaintiff resides in this District.

## GENERAL FACTUAL ALLEGATIONS

25. Charter Foods is a privately held corporation with its headquarters located in Morristown, Tennessee.

26. Charter Foods owns and operates over 200 "Taco Bell," "Long John Silver's," and "KFC" franchised restaurants in twelve (12) states throughout the south and northeast regions of the country, including Pennsylvania.

27. Upon information and belief, Charter employs AMs at each its Taco Bell restaurants.

28. Charter Foods maintains strict control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiff and the members of the putative AM Collective.

29. Plaintiff's work and the work of the members of the putative AM Collective was performed in the normal course of Charter Foods' business and was integrated into it.

30. Consistent with Charter Foods' policy, pattern and/or practice, Plaintiff and the members of the putative AM Collective worked in excess of forty (40) hours per workweek without being paid overtime compensation. Upon information and belief, AMs are scheduled to work at least 50 hours each workweek, however, in reality AMs work more hours each workweek.

31. All of the work that Plaintiff and the members of the putative AM Collective performed has been assigned by Charter Foods, who is aware of the work they performed. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

32. Pursuant to a centralized, company-wide policy, pattern and/or practice, Charter Foods classifies all AMs as exempt from the overtime provisions of the FLSA.

33. The primary job duties of Plaintiff and the members of the putative AM Collective did not include hiring, firing, or disciplining other employees.

34. The primary job duties of Plaintiff and the members of the putative AM Collective did not materially differ from the job duties of non-exempt hourly paid employees.

35. The primary job duties of Plaintiff and the members of the putative AM Collective did not include the exercise of meaningful independent discretion with respect to their duties.

36. The primary job duties of Plaintiff and the members of the putative AM Collective were manual and/or clerical in nature. The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiff and the members of the putative AM Collective.

37. Plaintiff and the members of the putative AM Collective are similarly situated in that they have substantially similar job duties and are subject to Charter Foods' common compensation policies, patterns, and/or practices.

38. Upon information and belief, Charter Foods did not perform a person-by-person analysis of Plaintiff and the members of the putative AM Collective's job duties when making the decision to classify AMs as exempt from overtime under the FLSA.

39. Due to the foregoing, Charter Foods failure to pay overtime wages for work performed by Plaintiff and the members of the putative AM Collective in excess of forty (40) hours

per week was willful.

40. The work performed by Plaintiff and the members of the putative AM Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimis*.

41. Charter Foods' unlawful conduct has been widespread, repeated, and consistent.

### FLSA COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings the First Cause of Action, 29 U.S.C. § 216(b), on behalf of herself and the putative AM Collective.

43. At all relevant times, Plaintiff and the members of the putative AM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

44. Charter Foods is an employer of Plaintiff and the members of the putative AM Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

45. At all relevant times, Plaintiff and the members of the putative AM Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

46. Charter Foods has failed to pay Plaintiff and the members of the putative AM Collective overtime compensation to which they are entitled under the FLSA.

47. Charter Foods has failed to keep accurate records of time worked by Plaintiff and the members of the putative AM Collective.

48. Defendant is liable under the FLSA for, among other things, failing to properly compensate Plaintiff and the members of the putative AM Collective.

49. Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the putative AM Collective were not paid overtime compensation when they worked beyond forty (40) hours in a workweek.

50. All of the work that Plaintiff and the members of the putative AM Collective performed has been assigned by Defendant, and/or Defendant has been aware of such work.

51. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the putative AM Collective. This policy and pattern or practice includes, but is not limited to:

   (a) willfully failing to pay Plaintiff and the members of the putative AM Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek;

   (b) willfully misclassifying Plaintiff and the members of the putative AM Collective as exempt from the overtime protections of the FLSA; and

   (c) willfully failing to record all of the time that its employees, including Plaintiff and the members of the putative AM Collective, worked for the benefit of Defendants.

52. Defendant is aware or should have been aware that federal law required it to pay Plaintiff and the members of the putative AM Collective overtime compensation for all hours worked in excess of forty (40) in a workweek.

53. Plaintiff and the members of the putative AM Collective perform or performed the same primary duties.

54. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff and the AM Collective)**

55. Plaintiff realleges and incorporates by reference the above allegations.

56. Charter Foods has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the members of the putative AM Collective, as detailed in this Collective Action Complaint.

57. Upon information and belief, Charter Foods established labor budgets to cover labor costs for the Taco Bell restaurants in which Plaintiff and the members of the putative AM Collective worked. However, Charter Foods did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each restaurant.

58. Charter Foods knew or recklessly disregarded the fact that their underfunding of restaurant labor budgets resulted in Plaintiff and the members of the putative AM Collective (who were not paid overtime) working more than forty (40) hours in a workweek without receiving any overtime compensation. This allowed Charter Foods to avoid paying additional wages (including overtime) to the non-exempt, restaurant-level employees.

59. Because Charter Foods underfunded restaurant labor budgets, which in turn limited the amount of money available to pay non-exempt employees to perform manual and customer service tasks, AMs were required to – and did – perform these non-exempt tasks.

60. In fact, the performance of non-management work was the primary duty of Plaintiff and the members of the AM Collective. These primary duties included serving customers, preparing food, working the drive-thru, counting inventory, unloading trucks, and cleaning the restaurant.

61. Charter Foods knew, by virtue of the fact that its upper level management employees (as its authorized agents) actually saw Plaintiff and the members of the AM Collective primarily perform manual labor and non-exempt duties, that Plaintiff and other similarly situated AMs were not performing activities that complied with any FLSA exemption. Inasmuch as

Charter Foods is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff and other similarly situated AMs as non-exempt employees.

62. Upon information and belief, and as part of its regular business practices, Charter Foods has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the members of the putative AM Collective. This policy and pattern or practice includes but it is not limited to:

(a) willfully misclassifying Plaintiff and the members of the putative AM Collective as exempt from the requirements of the FLSA;

(b) willfully failing to pay Plaintiff and the members of the AM Collective overtime wages for all hours they worked in excess of forty (40) hours per week; and

(c) willfully failing to provide enough money in its restaurant-level labor budgets.

63. Charter Foods' unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Charter Foods' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

64. As further evidence of its willful or reckless failure to classify Plaintiff and the members of the AM Collective as non-exempt employees, Charter Foods has uniformly failed to: (a) accurately track or record actual hours worked by Plaintiff and the members of the putative AM Collective; and (b) provide Plaintiff and the members of the putative AM Collective with a method to accurately record the hours they actually worked.

65. Charter Foods did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiff and the members of the putative AM Collective.

66. Charter Foods was or should have been aware that the FLSA required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

67. Charter Foods is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the putative AM Collective for all hours worked in excess of forty (40) in a workweek.

68. Upon information and belief, there are more than 100 similarly situated current and former AMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the members of the putative AM Collective, pursuant to 29 U.S.C. § 216(b).

69. The members of the putative AM Collective are known to Charter Foods, are readily identifiable, and can be located through Charter Foods' records.

70. Because Charter Foods' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

71. As a result of Charter Foods' willful violations of the FLSA, Plaintiff and the members of the putative AM Collective have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages and attorneys' fees, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the putative AM Collective pray for the following relief:

1. Designation of this action as an FLSA collective action on behalf of Plaintiff and the members of the putative AM Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the AM Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

2. An award of unpaid overtime compensation for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5);

3. An award of liquidated damages under the FLSA as a result of Charter Foods willful failure to pay for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay;

4. An award of damages representing Charter Foods share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

5. An award of a service payment to Plaintiff;

6. An award of pre-judgment and post-judgment interest;

7. An award of costs and expenses of this action, together with reasonable attorneys' fees to Plaintiff's counsel pursuant to the FLSA;

8. An injunction requiring Charter Foods to cease its practice of violating the FLSA in the future;

9. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful and/or willful under the FLSA; and

10. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: January 10, 2020

*s/ Jason Conway*
Jason Conway (PA 317113)
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

Daniel C. Levin (PA 80013)
**LEVIN, SEDRAN & BERMAN LLP**
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Telephone: (215) 592-1000
Fax: (215) 592-4663
dlevin@lfsblaw.com

*Attorneys for Plaintiff and the Putative AM Collective*