# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRIE GALLAGHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER FOODS, INC.; CHARTER CENTRAL, LLC; and CHARTER FOODS NORTH, LLC,<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 2:20-cv-00049-RJC<br><br>**SECOND AMENDED COMPLAINT – CLASS AND COLLECTIVE ACTION**<br><br>JURY TRIAL DEMANDED |

Plaintiff, Carrie Gallagher ("Gallagher" or "Plaintiff"), files this Class and Collective Action Complaint against Defendants, Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC (collectively, "Defendants" or "Charter Foods"), seeking all relief available under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq*. ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq*. ("WPCL") (collectively, the PMWA and WPCL shall be referred to as the "PA Wage and Hour Laws"), on behalf of herself and all current and former "Assistant Managers" ("AMs"), however variously titled, who work (or worked) at any of Defendants' franchised restaurants in the United States of America during the relevant time period.[1]  The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

---

[1] Beginning on January 1, 2020, Defendants reclassified the AM position as non-exempt. Prior to January 1, 2020, AMs were classified by Defendants as exempt employees and paid a salary regardless of the number of hours they worked each week or the location of the restaurant in which they worked.

## NATURE OF THE ACTION

1.     Plaintiff brings this action on behalf of herself and similarly situated current and former AMs to recover unpaid overtime pursuant to the FLSA (the "AM Collective").  Charter Foods violated the FLSA by failing to pay Plaintiff and its AMs overtime compensation for the hours they worked over forty (40) in one or more workweeks because Charter Foods classified them as exempt from overtime during the relevant time period.

2.     Plaintiff also brings this action under Fed. R. Civ. P. 23 on behalf of herself and all similarly situated current and former AMs to recover unpaid overtime pursuant to the PA Wage and Hour Laws (the "AM Class"). Charter Foods violated by the PA Wage and Hour Laws by failing to pay Plaintiff and its AMs overtime compensation for all hours they worked over forty (40) in one or more workweeks because Charter Foods classified them as exempt from overtime during the relevant time period.

3.     On information and belief, Charter Foods employs AMs in more than three hundred (300) franchised "Taco Bell," "KFC," "Pizza Hut," "Long John Silver's" and "A&W" restaurants in 12 states, including Pennsylvania.[2]

4.     Although Charter Foods considers its AMs to be "managers," AMs are not responsible for true management functions.  To the contrary, AMs spend the vast majority of their time performing the same duties as non-exempt employees, including serving customers, preparing food, working the drive-thru, counting inventory, unloading trucks, and cleaning the restaurant.

5.     AMs report to General Managers who, in turn, report to district and other supervisory personnel.  General Managers are the highest level of management in Charter Foods' restaurants.

---

[2] https://www.linkedin.com/company/charter-foods-inc./about/ (last accessed November 18, 2021).

6.     AMs are classified by Charter Foods as exempt from overtime, even though their duties do not fall within any of the exemptions under federal or state overtime laws.

7.     As alleged herein, Plaintiff and all other similarly situated AMs were required to work more than forty (40) hours in a workweek while employed by Charter Foods in order to complete their job duties.  However, in accordance with Charter Foods' policy, pattern, and/or practice, during the relevant time period they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of forty (40) in a workweek.

8.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of herself and all persons who are or were formerly employed by Charter Foods in the United States during the relevant time period as AMs at any of its restaurants, and individuals holding comparable salaried positions with different titles (the "AM Collective").

9.     Charter Foods' systematic failure and refusal to pay Plaintiff and all other similarly situated exempt AMs for all hours worked over forty (40) in a workweek violates the FLSA.

## THE PARTIES

### *Plaintiff Carrie Gallagher*

10.     Gallagher resides in Donora, Pennsylvania (Washington County). Between approximately December 2018 and June 2019, Gallagher was employed by Charter Foods as an AM at a restaurant located in Washington, Pennsylvania (Washington County).

11.     Throughout her employment as an AM with Charter Foods, Gallagher was scheduled to work at least 50 hours each week, though she worked more.  On average, during each week of her employment with Charter Foods, Gallagher worked approximately 60 hours (often more), including during the weeks leading up to, and of, Christmas 2018, Easter 2019, and spring

break 2019.

12.     Gallagher spent the vast majority of her time performing the same duties as non-exempt employees, including serving customers, preparing food, working the drive-thru, counting inventory, unloading trucks, and cleaning the restaurant.

13.     The work Gallagher performed was at the direction, and for the benefit, of Charter Foods.

14.     Pursuant to Charter Foods' policy, pattern or practice of classifying AMs as exempt from overtime, Gallagher was paid a salary and denied premium overtime compensation for all hours worked over forty (40) in a workweek.

15.     Gallagher has consented to join this action.  *See* ECF No. 1-1.

### *Defendant Charter Foods, Inc.*

16.     Charter Foods, Inc. is a Tennessee corporation with its principal place of business located at 1111 Gateway Service Park Road in Morristown, Tennessee.  Upon information and belief, Robert Jenkins is the President of Charter Foods, Inc.

17.     Charter Foods, Inc. owns and operates over 300 "Taco Bell," "KFC," "Pizza Hut," "Long John Silver's" and "A&W" restaurants in 12 states, including Pennsylvania.

18.     At all relevant times, Charter Foods, Inc. employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former exempt AMs and, among other things, maintained control, oversight and direction over Plaintiff and other AMs, including with respect to timekeeping, payroll and other employment practices that applied to them.

19.     Charter Foods, Inc. applies the same employment policies, practices, and procedures to all AMs nationwide.

20.     Charter Foods, Inc. is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

21.     Charter Foods, Inc. is also an employer within the meaning of the PA Wage and Hour Laws

22.     Together with Defendant Charter Central, LLC, and Charter Foods North, LLC, Charter Foods, Inc. employed (or acted in the interest of an employer towards) Plaintiff and (directly or indirectly, jointly or severally) controlled and directed the terms of her employment and compensation.

23.     Upon information and belief, Charter Foods, Inc. operated in concert and together through related activities with Charter Central, LLC, and Charter Foods North, LLC, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA and the PA Wage and Hour Laws.

24.     As Plaintiff's employer, Charter Foods, Inc., Charter Central, LLC, and Charter Foods North, LLC jointly had the power to, and did, control the terms and conditions of Plaintiff's employment, as described herein, including the terms and conditions relating to Plaintiff's claims.

25.     Based on the aforementioned and the detailed allegations contained herein, Charter Foods, Inc. jointly employed Plaintiff and Defendants' exempt AMs together with Charter Central, LLC and Charter Foods North, LLC.

26.     At all relevant times, Charter Foods, Inc. has had gross revenues exceeding $500,000.00.

*Defendant Charter Central, LLC*

27.     Charter Central, LLC is a Tennessee corporation with its principal place of business located at 1111 Gateway Service Park Road in Morristown, Tennessee.  It shares the same corporate headquarters as Defendant Charter Foods, Inc. and, upon information and belief, Robert Jenkins is the President and Registered Agent of Charter Central, LLC.

28.     Upon information and belief, Charter Central, LLC is a subsidiary of Defendant Charter Foods, Inc. and, together, they jointly own and operate over 300 "Taco Bell," "KFC," "Pizza Hut," "Long John Silver's" and "A&W" restaurants in 12 states, including Pennsylvania.

29.     At all relevant times, Charter Central, LLC employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former exempt AMs and, among other things, maintained control, oversight and direction over Plaintiff and other AMs, including with respect to timekeeping, payroll and other employment practices that applied to them.

30.     Charter Central, LLC applies the same employment policies, practices, and procedures to all AMs nationwide.

31.     Charter Central, LLC is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

32.     Charter Central, LLC is also an employer within the meaning of the PA Wage and Hour Laws

33.     Together with Defendant Charter Foods, Inc. and Charter Foods North, LLC,

Charter Central, LLC employed (or acted in the interest of an employer towards) Plaintiff and (directly or indirectly, jointly or severally) controlled and directed the terms of her employment and compensation.

34.     Upon information and belief, Charter Central, LLC operated in concert and together through related activities with Charter Foods, Inc. and Charter Foods North, LLC, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA and PA Wage and Hour Laws.

35.     As Plaintiff's employer, Charter Central, LLC, Charter Foods, Inc., and Charter Foods North, LLC jointly had the power to, and did, control the terms and conditions of Plaintiff's employment, as described herein, including the terms and conditions relating to Plaintiff's claims.

36.     Based on the aforementioned and the detailed allegations contained herein, Charter Central, LLC jointly employed Plaintiff and Defendants' exempt AMs together with Charter Foods, Inc. and Charter Foods North, LLC.

37.     At all relevant times, Charter Central, LLC has had gross revenues exceeding $500,000.00.

### Defendant Charter Foods North, LLC

38.     Charter Foods North, LLC is a Tennessee corporation with its principal place of business located at 1111 Gateway Service Park Road in Morristown, Tennessee.  It shares the same corporate headquarters as Defendants Charter Foods, Inc. and Charter Central, LLC and, upon information and belief, Robert Jenkins is the President and Registered Agent of Charter Central.

39.     Upon information and belief, Charter Foods North, LLC is a subsidiary of Defendant Charter Foods, Inc. and, together, they jointly operate 300 "Taco Bell," "KFC," "Pizza Hut," "Long John Silver's" and "A&W" restaurants in 12 states, including Pennsylvania.

40.     At all relevant times, Charter Foods North, LLC employed or acted in the interest of an employer towards Plaintiff and other similarly situated current and former exempt AMs and, among other things, maintained control, oversight and direction over Plaintiff and other AMs, including with respect to timekeeping, payroll and other employment practices that applied to them.

41.     Charter Foods North, LLC applies the same employment policies, practices, and procedures to all AMs nationwide.

42.     Charter Foods North, LLC is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiff, who are engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

43.     Charter Foods North, LLC is also an employer within the meaning of the PA Wage and Hour Laws

44.     Together with Defendants Charter Foods, Inc. and Charter Central, LLC, Charter Foods North, LLC employed (or acted in the interest of an employer towards) Plaintiff and (directly or indirectly, jointly or severally) controlled and directed the terms of her employment and compensation.

45.     Upon information and belief, Charter Foods North, LLC operated in concert and together through related activities with Charter Foods, Inc. and Charter Central, LLC, as here relevant, so that the actions of one may be imputed to the other and/or so that they operate as joint employers within the meaning of the FLSA and PA Wage and Hour Laws.

46.     As Plaintiff's employer, Charter Central, LLC, Charter Foods, Inc., and Charter

8

Foods North, LLC jointly had the power to, and did, control the terms and conditions of Plaintiff's employment, as described herein, including the terms and conditions relating to Plaintiff's claims.

47.     Based on the aforementioned and the detailed allegations contained herein, Charter Foods North, LLC jointly employed Plaintiff and Defendants' exempt AMs together with Charter Foods, Inc. and Charter Central, LLC.

48.     At all relevant times, Charter Foods North, LLC has had gross revenues exceeding $500,000.00.

## JURISDICTION AND VENUE

49.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 29 U.S.C. § 216(b).

50.     In addition, the Court has supplemental jurisdiction over Plaintiff's Fed. R. Civ. P. 23 PA Wage and Hour Laws class action claim pursuant to 28 U.S.C. § 1367.

51.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

52.     Charter Foods is subject to personal jurisdiction in Pennsylvania.  Charter Foods purposefully availed itself of jurisdiction by operating restaurants in Pennsylvania.

53.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Class and Collective Action Complaint occurred within this District and because Plaintiff resides in this District.

## JOINT-EMPLOYER ALLEGATIONS

54.     Based on the aforementioned and below allegations, Defendants Charter Foods, Charter Foods North, and Charter Central are so closely associated and intermingled that the

actions of one can be imputed to the other and, as a result, Charter Foods, Charter Foods North, and Charter Central jointly employed Plaintiff and Defendants' exempt AMs during the relevant time period.

55.     For example, among other things Defendants have the same President; the same corporate office in Morristown, Tennessee; the same website; the same restaurant job postings; and the same management personnel.

56.     *First*, upon information and belief, the President of Charter Foods, Charter Foods North, and Charter Central is Robert Jenkins.

57.     *Second*, Defendants' corporate address is 1111 Gateway Service Park Road, Morristown, Tennessee 37813.  This is the same location that is reflected on Charter Foods' LinkedIn profile.  *See* https://www.linkedin.com/company/charter-foods-inc./about/ (last accessed November 18, 2021) (noting that "Charter Foods, Inc.[] ... is located in Morristown, Tennessee" and "[o]perat[es] in 12 states ... throughout the south and Northeast regions of the United States.").

58.     *Third*, Defendants' website does not differentiate between Charter Foods, Charter Foods North, and Charter Central; rather, it refers only to "Charter Foods."   *See* http://charterfoodscareers.com/ (last accessed November 18, 2021).

59.     *Fourth*, Defendants' website advertises hourly and management careers (such as AMs) at Charter Foods stores in 12 states, including Pennsylvania.  *Id.*

60.     *Fifth*, Charter Foods' management personnel hold themselves out to the world as working for Charter Foods.  *See e.g.*, https://www.linkedin.com/in/michael-ondish-24131b168/ (LinkedIn profile for Michael Ondish reflecting his job title as "District Manager at Charter Foods, Inc." in the greater Pittsburgh area) (last accessed November 18, 2021); https://www.linkedin.com/in/walter-drissel-9a7a90ab/ (LinkedIn profile for Walter Drissell

reflecting his prior title as Market Coach at Charter Foods, Inc. in Pittsburgh, Pennsylvania) (last accessed November 18, 2021); and https://www.linkedin.com/in/steve-mcilveen-661682155/ (LinkedIn profile for Steve McIlveen reflecting his job title as Market Coach at Charter Foods, Inc. in the Nashua, New Hampshire region) (last accessed November 18, 2021).

61.     In addition, Katy Potts is a Benefits Associate at Charter Foods, Inc. who, among other things is "responsible for weekly payroll for over 200 fast food restaurant locations and all employees." *See* https://www.linkedin.com/in/katy-potts-b9394331/ (last accessed November 18, 2021).     Finally, Joe Naill is a Corporate Recruiter at Charter Foods, Inc.     *See* https://www.linkedin.com/in/joe-naill-1760b111/ (last accessed November 18, 2021).

62.     Upon information and belief, Defendants jointly orchestrated and directed the hiring of Plaintiff and the members of the AM Collective and putative AM Class, as evidenced by, among other things, the integration of their management personnel and payroll service (as described above).

63.     Upon information and belief, Defendants jointly orchestrated and directed the discipline, firing and supervision of Plaintiff and the members of the AM Collective and putative AM Class, including those who worked at stores both inside and outside Pennsylvania.

64.     As closely associated and intermingled entities, upon information and belief Defendants required or permitted Plaintiff and the members of the AM Collective and putative AM Class to hold themselves out to the world as employees of Defendants.

65.     Upon information and belief, Plaintiff's job duties and those of the members of the AM Collective and putative AM Class, as detailed above and below, were assigned and monitored by, among others, Defendants' management and corporate personnel.  As President of Defendants, Mr. Jenkins was involved in, or approved of, the decision to maintain the exempt classification of

Plaintiff and Defendants' employees, including AMs, such that Charter Foods has significant control over the employment conditions of Plaintiff and the members of the AM Collective and putative AM Class.

66.     In addition, upon information and belief, Messrs. Ondish and McIlveen, among others, assigned and monitored the work of some of the members of the AM Collective and putative AM Class, such that Charter Foods has significant control over their employment conditions.

67.     Further, upon information and belief, Charter Foods dictated or acquiesced to Plaintiff and the members of the AM Collective and putative AM Class not receiving overtime compensation for all hours worked in excess of forty (40) in a workweek because, at a minimum, it permitted its management personnel, administrative staff, and corporate offices to be used for, among other things, management of Defendants restaurants (including in Pennsylvania), recruitment of employees (also including in Pennsylvania) and payroll purposes (including for employees working in Pennsylvania).  Similarly, Robert Jenkins is President of Charter Foods, Charter Foods North, and Charter Central.

68.     Moreover, upon and information, Defendant Charter Foods maintained the employment records for Plaintiff and the members of the AM Collective and putative AM Class because their pay was administered by individuals working in its corporate office.

69.     Based on the facts alleged herein, Defendants exerted significant control over Plaintiff and the members of the AM Collective and putative AM Class.

70.     Accordingly, Defendants were employers for purposes of the FLSA and PA Wage and Hour Laws because they acted directly and indirectly in the interest of an employer in relation to Plaintiff and the members of the AM Collective and putative AM Class, as described herein,

including in connection with the following: their hiring; the terms and conditions of their employment, including compensation and method of payment; the assignment and supervision of job duties to them; and the creation and maintenance of personnel-related records.

## COMMON FACTUAL ALLEGATIONS

71.     Charter Foods is a privately held corporation with its headquarters located in Morristown, Tennessee.

72.     Charter Foods owns and operates over 300 franchised "Taco Bell," "KFC," "Pizza Hut," "Long John Silver's" and "A&W" restaurants in 12 states throughout the south and northeast regions of the country, including Pennsylvania.

73.     Upon information and belief, Charter employs AMs at each its restaurants pursuant to the FLSA and PA Wage and Hour Laws.

74.     Charter Foods maintains strict control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiff and the members of the AM Collective and putative AM Class.

75.     Plaintiff's work and the work of the members of the AM Collective and putative AM Class was performed in the normal course of Charter Foods' business and was integrated into it.

76.     Consistent with Charter Foods' policy, pattern and/or practice, during the period they were classified as exempt Plaintiff and the members of the AM Collective and putative AM Class worked in excess of forty (40) hours per workweek without being paid overtime compensation.  Upon information and belief, AMs are scheduled to work at least 50 hours each workweek, however, in reality AMs work more hours each workweek.

77.     All of the work that Plaintiff and the members of the AM Collective and putative AM Class performed has been assigned by Charter Foods, who is aware of the work they performed.  This work required little skill and no capital investment.  Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

78.     Pursuant to a centralized, company-wide policy, pattern and/or practice, prior to January 1, 2020 Charter Foods classified all AMs as exempt from the overtime provisions of the FLSA and PA Wage and Hour Laws.

79.     The primary job duties of Plaintiff and the members of the AM Collective and putative AM Class did not include hiring, firing, or disciplining other employees.

80.     The primary job duties of Plaintiff and the members of the AM Collective and putative AM Class did not materially differ from the job duties of non-exempt hourly paid employees.

81.     The primary job duties of Plaintiff and the members of the AM Collective and putative AM Class did not include the exercise of meaningful independent discretion with respect to their duties.

82.     The primary job duties of Plaintiff and the members of the AM Collective and putative AM Class were manual and/or clerical in nature.  The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiff and the members of the AM Collective and putative AM Class.

83.     Plaintiff and the members of the AM Collective and putative AM Class are similarly situated in that they have substantially similar job duties and are subject to Charter Foods' common compensation policies, patterns, and/or practices.

84.     Upon information and belief, Charter Foods did not perform a person-by-person

analysis of Plaintiff and the members of the AM Collective's and putative AM Class's job duties when making the decision to classify AMs as exempt from overtime under the FLSA and PA Wage and Hour Laws.

85.     Due to the foregoing, during the relevant time period Charter Foods failure to pay overtime wages for work performed by Plaintiff and the members of the AM Collective and putative AM Class in excess of forty (40) hours per week was willful.

86.     The work performed by Plaintiff and the members of the AM Collective and putative AM Class constitutes compensable work time under the FLSA and PA Wage and Hour Laws and was not preliminary, postliminary or *de minimis*.

87.     Charter Foods' unlawful conduct has been widespread, repeated, and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

88.     Plaintiff brings the First Cause of Action, 29 U.S.C. § 216(b), on behalf of herself and the AM Collective.

89.     At all relevant times, Plaintiff and the members of the AM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

90.     Charter Foods is an employer of Plaintiff and the members of the AM Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

91.     At all relevant times, Plaintiff and the members of the AM Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

92.     Charter Foods has failed to pay Plaintiff and the members of the AM Collective overtime compensation to which they are entitled under the FLSA.

15

93.     Charter Foods has failed to keep accurate records of time worked by Plaintiff and the members of the AM Collective.

94.     Defendants are liable under the FLSA for, among other things, failing to properly compensate Plaintiff and the members of the AM Collective.

95.     Consistent with Defendants' policy and pattern or practice, during the relevant time period Plaintiff and the members of the AM Collective were not paid overtime compensation when they worked beyond forty (40) hours in a workweek.

96.     All of the work that Plaintiff and the members of the AM Collective performed has been assigned by Defendants, and/or Defendants have been aware of such work.

97.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the AM Collective.  This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay Plaintiff and the members of the AM Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek;

(b)     willfully misclassifying Plaintiff and the members of the AM Collective as exempt from the overtime protections of the FLSA; and

(c)     willfully failing to record all of the time that its employees, including Plaintiff and the members of the AM Collective, worked for the benefit of Defendants.

98.     Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the members of the AM Collective overtime compensation for all hours worked in excess of forty (40) in a workweek.

99.     Plaintiff and the members of the AM Collective perform or performed the same primary duties.

100.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## PA CLASS ACTION ALLEGATIONS

101.    Plaintiff brings the Second and Third Causes of Action under the PMWA and WPCL pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and the putative AM Class.

102.    The persons in the putative AM Class are so numerous that joinder of all members is impracticable.  Although Plaintiff does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

103.    Upon information and belief, the size of putative AM Class is at least fifty (50) workers.

104.    The Second and Third Causes of Action are properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3).  There are questions of law and fact common to the AM Class that predominate over any questions solely affecting individual members.

105.    Such questions include:

(a)    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the members of the AM Class;

(b)    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

(c)    whether Defendants failed and/or refused to pay Plaintiff and the AM Class overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning of the PA Wage and Hour Laws;

(d)    the nature and extent of Pennsylvania class-wide injury and the appropriate measure of damages for the AM Class;

(e)    whether Defendants have a policy of misclassifying workers as exempt from coverage of the overtime provisions of the PA Wage and Hour Laws;

(f)     whether Defendants' policy of misclassifying workers was done willfully or with reckless disregard of the PA Wage and Hour Laws; and

(g)     whether Plaintiffs and the members of the putative AM Class are entitled to relief under the PA Wage and Hour Laws.

106.    The claims of Plaintiff are typical of the claims of the members of the AM Class she seeks to represent.  Plaintiff and the members of the AM Class work or have worked for Defendants and have been subjected to their policy, pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per week.

107.    Plaintiff will fairly and adequately represent and protect the interests of the AM Class.  Plaintiff understands that, as the class representative, she assumes a fiduciary responsibility to the AM Class to represent their interests fairly and adequately.  Plaintiff recognizes that as the class representative, she must represent and consider the interests of the AM Class just as she would represent and consider her own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and any potential settlement she must not favor her own interests over those of the AM Class.  Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the AM Class.  Plaintiff also understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, at trial.

108.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the AM Class have been damaged and are entitled to recovery as a result of Defendants' uniform policies, practices, and procedures.

18

Although the relative damages suffered by individual members of the AM Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

109.    Class certification of Plaintiff's claims is appropriate because Defendants have acted or refused to act on grounds generally applicable to the AM Class, making appropriate both declaratory and injunctive relief with respect to the AM Class.

110.    Plaintiff has retained counsel competent and experienced in complex class action wage and hour litigation.

111.    Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff and the AM Collective)**

112.    Plaintiff realleges and incorporates by reference the above allegations.

113.    Charter Foods has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the members of the AM Collective, as detailed in this Class and Collective Action Complaint.

114.    Upon information and belief, Charter Foods established labor budgets to cover labor costs for the restaurants in which Plaintiff and the members of the AM Collective worked. However, Charter Foods did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each restaurant.

115.    Charter Foods knew or recklessly disregarded the fact that their underfunding of restaurant labor budgets resulted in Plaintiff and the members of the AM Collective (who were not

19

paid overtime) working more than forty (40) hours in a workweek without receiving any overtime compensation.  This allowed Charter Foods to avoid paying additional wages (including overtime) to the non-exempt, restaurant-level employees.

116.    Because Charter Foods underfunded restaurant labor budgets, which in turn limited the amount of money available to pay non-exempt employees to perform manual and customer service tasks, AMs were required to – and did – perform these non-exempt tasks.

117.    In fact, the performance of non-management work was the primary duty of Plaintiff and the members of the AM Collective.  These primary duties included serving customers, preparing food, working the drive-thru, counting inventory, unloading trucks, and cleaning the restaurant.

118.    Charter Foods knew, by virtue of the fact that its upper-level management employees (as its authorized agents) actually saw Plaintiff and the members of the AM Collective primarily perform manual labor and non-exempt duties, that Plaintiff and other similarly situated AMs were not performing activities that complied with any FLSA exemption.  Inasmuch as Charter Foods is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiff and other similarly situated AMs as non-exempt employees.

119.    Upon information and belief, and as part of its regular business practices, Charter Foods has intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the members of the AM Collective.  This policy and pattern or practice includes but it is not limited to:

      (a)    willfully misclassifying Plaintiff and the members of the AM Collective as exempt from the requirements of the FLSA;

(b)     willfully failing to pay Plaintiff and the members of the AM Collective overtime wages for all hours they worked in excess of forty (40) hours per week; and

(c)     willfully failing to provide enough money in its restaurant-level labor budgets.

120.    Charter Foods' unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Charter Foods' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

121.    As further evidence of its willful or reckless failure to classify Plaintiff and the members of the AM Collective as non-exempt employees, Charter Foods has uniformly failed to: (a) accurately track or record actual hours worked by Plaintiff and the members of the AM Collective; and (b) provide Plaintiff and the members of the AM Collective with a method to accurately record the hours they actually worked.

122.    Charter Foods did not make a good faith effort to comply with the FLSA with respect to its timekeeping and compensation of Plaintiff and the members of the AM Collective.

123.    Charter Foods was or should have been aware that the FLSA required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

124.    Charter Foods is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the AM Collective for all hours worked in excess of forty (40) in a workweek.

125.    Because Charter Foods' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

126.    As a result of Charter Foods' willful violations of the FLSA, Plaintiff and the

members of the AM Collective have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages and attorneys' fees, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
**PMWA: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff and the AM Class)**

127.   Plaintiff realleges and incorporates by reference the above allegations.

128.   Defendants are each an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and are thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

129.   Section 333.105 of the PMWA exempts certain categories of employees from minimum wage and/or overtime pay obligations. None of the PMWA exemptions apply to Plaintiff and the putative members of the AM Class.

130.   Defendants violated the overtime provisions of the PMWA as they failed to pay Plaintiffs and the putative members of the AM Class the required premium overtime compensation – calculated at one and one-half (1½) times their regular rate – for each hour worked in excess of forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c).

131.   The total amount of compensation due and owing by Defendants to Plaintiff and the members of the putative AM Class constitute wages under 43 Pa.C.S. § 333.103(d). Defendants' failure to pay the amount due constitutes a violation of the PMWA.

132.   Defendants' failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

133.   Defendants further violated the PMWA by failing to record and pay for all hours

worked.  Defendants willfully failed to keep accurate records of all hours worked by Plaintiff and the members of the putative AM Class.

134.     As a result of Charter Foods' willful violations of the PA Wage and Hour Laws, Plaintiff and the members of the putative AM Class have suffered damages by being denied overtime compensation in accordance with the PA Wage and Hour Laws, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages and attorneys' fees, pursuant to the PA Wage and Hour Laws.

**THIRD CAUSE OF ACTION**
**WPCL: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff and the AM Class)**

135.     Plaintiff realleges and incorporates by reference the above allegations.

136.     Defendants are each an "employer" as that term is defined under the WPCL, and are thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the WPCL, 43 Pa.C.S. § 260.1, *et seq*.

137.     Plaintiff and the members of the putative AM Class are entitled to be paid one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a). The failure to pay said wages constituting a violation of 29 U.S.C. § 215(a)(2).

138.     Defendants have failed to pay Plaintiff and the members of the AM Class one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA. Defendants have, therefore, failed to regularly pay Plaintiff and members of the putative AM Class for all earned wages from the date they were first employed, through and including the present, in violation of the WPCL.

139.     Accordingly, wages in the form of overtime pay are due and owing to Plaintiff and

members of the putative AM Class pursuant to Section 260.3(a) of the WPCL.

140.    Defendants further violated the WPCL through their failure to pay Plaintiff and members of the AM Class all wages due for work they performed upon their termination of employment, pursuant to Section 260.5(a) of the WPCL.

141.    Defendants further violated the WPCL by failing to record and pay for all hours worked.  Defendants willfully failed to keep accurate records of all hours worked by Plaintiff and the members of the putative AM Class.

142.    The total amount due to Plaintiff and members of the putative AM Class by Defendants constitutes wages under Section 260.2a. of the WPCL, and failure to pay the amount due constitutes a violation of the WPCL.

143.    The wages withheld from Plaintiff and the members of the AM Class were not the result of any bona fide dispute.

144.    In accordance with Section 260.10 of the WPCL, by reason of Defendants' actions, Plaintiff and the members of the putative AM Class are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due (in addition to all wages due).

145.    In accordance with Section 260.9a of the WPCL, by reason of Defendants' actions, Plaintiff and the members of the putative AM Class are entitled to reasonable attorneys' fees.

146.    As a result of Charter Foods' willful violations of the PA Wage and Hour Laws, Plaintiff and the members of the putative AM Class have suffered damages by being denied overtime compensation in accordance with the PA Wage and Hour Laws, in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages and attorneys' fees, pursuant to the PA Wage and Hour Laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the AM Collective and putative AM Class pray for the following relief:

1. Final designation of this action as an FLSA collective action on behalf of Plaintiff and the members of the AM Collective, pursuant to 29 U.S.C. § 216(b) and, where applicable, tolling of the statute of limitations;

2. Certification of the PA Wage and Hour Law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Designation of Plaintiff as Class Representative of the AM Class and counsel of record as Class Counsel;

4. An award of unpaid overtime compensation for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5);

5. An award of liquidated damages under the FLSA as a result of Charter Foods' willful failure to pay for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half of the regular rate of pay;

6. Unpaid overtime pay, liquidated/punitive damages and penalties permitted by law pursuant to the PA Wage and Hour Laws;

7. An award of damages representing Charter Foods share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

8. An award of a service payment to Plaintiff;

9.      An award of pre-judgment and post-judgment interest;

10.     An award of costs and expenses of this action, together with reasonable attorneys' fees to Plaintiff's counsel pursuant to the FLSA and PA Wage and Hour Laws;

11.     Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful and/or willful under the FLSA and PA Wage and Hour Laws; and

12.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Class and Collective Action Complaint.

Dated: November 18, 2021

*s/ Jason Conway*
Jason Conway (PA 317113)
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Fax: (215) 278-4807
jconway@conwaylegalpa.com

Daniel C. Levin (PA 80013)
**LEVIN, SEDRAN & BERMAN LLP**
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
Telephone: (215) 592-1000
Fax: (215) 592-4663
dlevin@lfsblaw.com

***Attorneys for Plaintiff and the AM Class and Collective***

## CERTIFICATE OF SERVICE

I certify that, on November 18, 2021, I caused a true and correct copy of the aforementioned document to be served on all counsel of record in this matter through operation of the Court's CM/ECF system.

_s/ Jason Conway_
Jason Conway